IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARLON LYKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01005-JDB-egb |
| | ) | |
| GRADY PERRY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 9, 2017, Petitioner, Marlon Lykes, an inmate currently confined at the Hardeman County Correctional Facility in Whitesville, Tennessee, filed a habeas corpus petition under 28 U.S.C. § 2254 and a supporting affidavit. (ECF Nos. 1 and 1-1.) For the following reasons, the petition is DISMISSED without prejudice.

Petitioner states that he is challenging "only [his] conditions of confinement." (ECF No. 1 at 1.) Consistent with that assertion, Lykes' affidavit describes allegedly unconstitutional conditions in the prison relating to his placement in a maximum security environment, including loss of television privileges, exposure to cold temperatures, and problems with the showers and food. (ECF No. 1-1 at 1-2.) Because Lykes challenges his conditions of confinement, his claims must "be asserted in a civil rights action" under 42 U.S.C. § 1983. *Taylor v. Ives*, Civil No. 11-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (habeas petitioner's "[c]hallenge[] to [his] security classification and place of confinement [were] 'conditions of confinement' claims which may only be asserted in a civil rights action . . ."); *Middlebrook v.*

1

*Tenn.*, No. 07-2373, 2008 WL 2002521, at *10 (W.D. Tenn. May 6, 2008) ("exposure to extreme temperatures" and problems with food and showers describe conditions of confinement).

Accordingly, dismissal of the present suit is proper. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (the proper course is to deny the mislabeled habeas petition rather than converting it to a civil rights action). The petition is DISMISSED without prejudice. The Clerk is DIRECTED to close the case.

**APPEAL ISSUES**

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). There is no question that Lykes' petition should be dismissed for the reason stated. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.* In this case, for the same reason the Court denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 15th day of February 2017.

                                        **s/ J. Daniel Breen**
                                        CHIEF UNITED STATES DISTRICT JUDGE